IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROY L. TILLMAN                                                                                    PETITIONER

V.                                                                                    NO. 2:09CV018-M-S

WILLIAM JARVIS, et al.                                                                           RESPONDENTS

## MEMORANDUM OPINION

This cause comes before the court on the petition of Roy Tillman for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

On June 14, 2005, Tillman was found guilty of sexual battery and child fondling by a jury of his peers in the Tate County Circuit Court. Tillman was sentenced to twenty years[1] in the custody of the Mississippi Department of Corrections. Tillman appealed his conviction and sentence. The Mississippi Court of Appeals affirmed the verdict and sentence. *See Tillman v. State*, 947 So.2d 993 (Miss. App. 2006). Aggrieved by that decision, Tillman filed a motion for rehearing which was denied. Tillman then petitioned the State Supreme Court for a writ of certiorari which was also denied on January 18, 2007. Finally, on September 15, 2008, Tillman filed a motion for post-conviction relief in the State Supreme Court which was denied on October 8, 2008.

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

---

[1] Tillman was actually sentence to twenty years for the sexual battery by a person in a position of trust and fifteen years for fondling a child. The sentences are being served concurrently.

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final 90 days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Bulter v. Caine*, 533 F.3d 314, 317 (5th Cir. 2008).

The Mississippi State Supreme Court denied Tillman's petition for certiorari on January 18, 2007. Tillman then had 90 days after the entry of that judgment to petition the Supreme Court for a writ of certiorari. *See* U.S. Sup. Ct. R. 13.1. Since he did not seek a writ of certiorari, Tillman's conviction became final on April 18, 2007, the date on which seeking review by the United States Supreme Court expired.

Tillman, therefore, had one-year or until April 18, 2008, to seek federal review of his conviction and sentence or to "properly file" an application for post-conviction relief in the state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Tillman did file a petition for post-conviction relief in the State Supreme Court on September 15, 2008. A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.; Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). Tillman's state post-conviction petition, however, did not toll the limitations period because it was filed on September 15, 2008, 150 days after the expiration of the AEDPA's limitations period.

To be timely, Tillman's federal habeas petition must have been filed by April 18, 2008. Tillman, however, did not file this petition until January 29, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 286 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled under § 2244(d)(1)(B)-(D). A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999). To overcome the untimeliness of his petition, Tillman claims that was unable to timely file his petition because the prison law library is inadequate. The Fifth Circuit Court of Appeals has held that "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000) (citations omitted). It has also been routinely held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991); *see also Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000).

In an attempt to avail himself of subsection (D), Tillman suggests that he did not possess certain medical records and affidavits until September 2008. In other words, he did not discover the

3

factual predicate of the claim until September 2008. His claim, however, appears to be a challenge to the underlying factual issues, which were clearly decided adversely to him by a jury, rather than implicating traditional constitutional issues. Tillman's conclusory assertions are, nevertheless, insufficient to justify equitable tolling.

Accordingly, Tillman has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 16th day of September, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**